### NATIONAL CASKET CO. v. STOLTZ.

(Circuit Court, S. D. New York. May 22, 1907.)

PATENTS—INVENTION—FACE PLATE FOR CASKETS.

The Hamilton patent, No. 619,567, for a face plate for burial caskets, consisting of a stretched sheet of transparent nonbrittle gauze fabric, involves much more than the substitution of such fabric for glass, and, in view of the novelty, great utility, and commercial success of the device, must be held to disclose invention; also *held* infringed.

[Ed. Note.—Utility, extent of use, and commercial success as evidence of invention, see note to Doig v. Morgan Mach. Co., 59 C. C. A. 620.]

In Equity. Suit to restrain alleged infringement of United States letters patent No. 619,567, dated February 14, 1899, to William Hamilton for "face-plate for burial-caskets."

See 127 Fed. 158.

Warfield & Duell (C. H. Duell, Frederic P. Warfield, and Holland S. Duell, of counsel), for complainant.

Briesen & Knauth (Hans v. Briesen, of counsel), for defendant.

RAY, District Judge. The claim of the patent in suit reads as follows:

"The combination with a burial-casket, of a face-plate comprising a stretched sheet of transparent nonbrittle gauze fabric."

In the specifications the patentee says:

"My invention relates to face-plates for burial-caskets and is designed to do away with the difficulties arising from the use of glass plates or panels commonly used therein. Where these glass panels are employed they are liable to become broken in the course of transportation of the casket and in falling deface the features of the corpse. Moreover, when such caskets are exhumed, it is often found that the swelling of the wood of which the cover is composed has broken the glass panel. My invention overcomes these difficulties; and it consists in providing the casket with a frame over which is stretched a strip of a transparent fabric—such, for instance, as silk or wire gauze. This nonbrittle fabric takes the place of the glass now ordinarily used. In the drawings, 2 represents the cover of a burial-casket, which may be of any ordinary form and preferably provided with two removable panels, 3 and 4, which are held in place by the usual catches, 5, securing them removably to the cover. Beneath the panel at the head end of the cover I provide a sliding frame, 6, which may be formed of metal or wood and is guided in suitable slots at the sides of the opening. Over this frame is stretched a layer, 7, of some comparatively transparent yielding nonbrittle fabric, such as silk or wire gauze. The frame may be slid back when desired by means of a cord, 8, secured at one end of the sliding frame. It will be understood that the face-plate may be otherwise attached to the cover than by a sliding connection. The advantages of my invention will be apparent to those skilled in the art, since the disadvantages consequent upon the use of a brittle panel, such as glass, are done away with and a transparent panel obtained, which is not liable to breakage due to jars upon the coffin or consequent upon swelling of the wood."

Other advantages flow from the use of this face plate. It admits air, permits the escape of gas, and is light and easily and safely handled. It involves much more than the substitution of a stretched sheet of transparent nonbrittle gauze fabric (of which many kinds may be used) for glass.

Within the case of George Frost Co. et al. v. Cohn et al., 119 Fed. 505, 56 C. C. A. 185, I must hold the patent valid. In my judgment what was done here involved much more of the exercise of the inventive faculty as distinguished from the ordinary skill of the calling than did what was done by the patentee of the Gorton patent, No. 552,470, held valid in the case referred to. In that case Wallace, J., said:

"It is not necessary to the patentable novelty of a device, which consists in employing a new material for an old one in constructing one of its parts, that the substitution should involve the discovery or utilization of an unknown or unexpected property of the material. This is one of the tests of patentable novelty; but it is not the only one. Whether the feature of novelty is the employment of a new material, or a change of adaptation in other respects, the inquiry always is whether what was done involved the exercise of inventive faculty as distinguished from the ordinary skill of the calling. When the substitution has accomplished a result which those skilled in the art had long and vainly sought to effect, the evidence that it involved something beyond the skill of the calling is so persuasive that it generally resolves the inquiry in favor of patentable novelty. Applying that rule to the present case, we conclude that the patent in suit, as regards the claim in controversy, is not invalid for want of patentable novelty."

Gauze fabric had been used prior to the granting of the patent in suit by tacking it to the sides of the opening in the casket to keep out

flies, dust, etc., but it had not occurred to any one to do what the patentee did, stretch a sheet of transparent nonbrittle gauze fabric on a frame and fit this to the casket in the manner described, and thus do away entirely with the heavy, comparatively expensive, and breakable glass face plate. I will not go extensively into the evidence. The patent combines novelty with great utility and commercial success. In a close case these are important and frequently decisive considerations. We have much more than the skill of the mechanic versed in the art. The case is different and stronger for the complainant than when before Judge Hazel.

Infringement is clearly made out, and on the authority cited there will be a decree for the complainant, with costs.